

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-7-2007

# Gonzalez Cifuentes v. INS

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2572

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Gonzalez Cifuentes v. INS" (2007). *2007 Decisions.* Paper 253.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/253

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No: 04-2572

JUAN MANUEL GONZALEZ CIFUENTES,

Appellant

v.

IMMIGRATION & NATURALIZATION SERVICE
_____

On Appeal from the Final Judgment of the United States
District Court for the District of New Jersey
(D.C. No. 03-cv-06239)
District Judge:   The Hon. Joel A. Pisano
_____

Argued September 27, 2007

Before: AMBRO, JORDAN and ROTH, *Circuit Judges.*

(Filed: November 7, 2007)
_____

Stephen J. Britt   [ARGUED]
P. O. Box 1746
Blue Bell, PA   19422-0467
        *Counsel for Appellant*

Christopher J. Christie
Rudolph A. Filko
Alex Kriegsman   [ARGUED]
Office of the United States Attorney
970 Broad Street - #700
Newark, NJ   07102
        *Counsel for Appellee*

OPINION

JORDAN, *Circuit Judge.*

Appellant Juan Manuel Gonzalez-Cifuentes appeals from the District Court's dismissal of his *habeas* petition.  We affirm.

**BACKGROUND**

Gonzalez-Cifuentes was born in Colombia and became a lawful permanent resident of the United States in 1965.  In 1983, he was convicted in New York state court of illegally selling cocaine.  Based on that conviction, the Immigration and Naturalization Service ("INS") began deportation proceedings against him in 1987, alleging that he was subject to deportation under the then-existing provisions of 8 U.S.C. § 1251(a)(11).  Several years later, following a hearing that apparently took place on June 8, 1992, an Immigration Judge ("IJ") terminated the proceedings, but no record of what occurred at that hearing has been presented here.

After six more years passed, in June of 1998 Gonzalez-Cifuentes again received notice that the INS was seeking his removal based on both 8 U.S.C. § 1227(a)(2)(B)(I), for violating drug laws, and on 8 U.S.C. § 1227(a)(2)(A)(iii), for being convicted of an aggravated felony.  He opposed removal on the ground that the new proceedings were precluded by the termination of the 1992 deportation proceeding.  On March 3, 1999, an IJ issued an oral decision ordering Gonzalez-Cifuentes removed to Colombia.  Although

the IJ's removal order is part of the record, there does not appear to be any record of the grounds for the IJ's decision.

Gonzalez-Cifuentes appealed the 1999 removal decision to the Board of Immigration Appeals ("BIA"), which dismissed the appeal as untimely. He then filed a motion for reconsideration, which was denied on July 16, 1999. He followed with a petition for review in the Second Circuit, and that too was dismissed, the Court's February 24, 2000 order stating simply that "the petition for review is frivolous."

In November of 2003, Gonzalez-Cifuentes tried a different approach. He filed a *habeas* petition in the United States District Court for the Southern District of New York, arguing that the dismissal of the 1992 deportation proceedings precluded the BIA from instituting removal proceedings in 1999. His petition was transferred to the United States District Court for the District of New Jersey, because he was then being detained in New Jersey. That Court rejected his argument and dismissed the petition on May 3, 2004. He then timely appealed to this Court.[1] The District Court had jurisdiction under 28 U.S.C. § 2241. We have jurisdiction under 28 U.S.C. § 1291.

**DISCUSSION**

---

[1] While his appeal was pending, Gonzalez-Cifuentes was removed to Colombia.

On appeal, Gonzalez-Cifuentes urges us to reverse the District Court and hold that, under principles of *res judicata*, the BIA was precluded by the 1992 deportation proceedings from seeking an order of removal against him in 1999.

Gonzalez-Cifuentes's 1983 drug trafficking conviction was undeniably the factual basis for both the 1992 deportation proceeding and the 1999 removal proceeding. According to Gonzalez-Cifuentes, both proceedings not only arose from the same facts, but were also governed by identical substantive law. Gonzalez-Cifuentes argues that, under the relevant immigration law as it existed in 1992, his 1983 drug conviction made him deportable on two grounds. First, he was deportable because he was a convicted drug trafficker. Second, he was deportable because, as a convicted drug trafficker, he was also an aggravated felon. Under either theory, the Government had to prove he had been convicted of a drug trafficking offense. However, in the 1992 deportation proceeding, the INS pursued deportation solely on the theory that Gonzalez-Cifuentes was a convicted drug trafficker. According to Gonzalez-Cifuentes, there were no relevant substantive changes to the definition of an aggravated felon between 1992 and 1999. Thus, in 1999, when the Government instituted new removal proceedings against him based on his status as an aggravated felon, it relied on grounds for removal it could have raised in 1992 but did not. Therefore, Gonzalez-Cifuentes argues, principles of *res judicata* barred the INS from seeking to remove him in 1999.

The Government makes three arguments in response: first, that we lack subject matter jurisdiction because Gonzalez-Cifuentes's appeal to the BIA was untimely;

4

second, that we are required under *res judicata* principles to give preclusive effect to the Second Circuit's dismissal of Gonzalez-Cifuentes's petition; and, third, that the 1999 removal proceedings were not precluded by the 1992 deportation proceedings because the two proceedings were not legally identical. Indeed, the Government argues, it was impossible to bring deportation proceedings against Gonzalez-Cifuentes on an aggravated felon theory in 1992 because the relevant aggravated felon provisions were not enacted until 1996.

We need only consider the *res judicata* argument, because we agree with the Government that principles of *res judicata* require us to give the Second Circuit's decision preclusive effect. Accordingly, we will affirm the District Court without reaching the merits of the appeal.[2]

The doctrine of *res judicata* applies when "the same issue was previously litigated by the same parties and was actually decided by a tribunal of competent jurisdiction." *Duvall v. Attorney General of the United States*, 436 F.3d 382, 391 (3d Cir. 2006). Three requirements must be met. There must be "(1) a final judgment on the merits in a prior suit involving; (2) the same parties or their privities; and (3) a subsequent suit on the same

---

2    Because we do not reach the merits, we need not decide whether we lack subject matter jurisdiction. *Cf. Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp*, 127 S.Ct. 1184, 1191 (2007) ("[A] federal court has leeway to choose among threshold grounds for denying audience to a case on the merits." (internal quotation marks and citation omitted)). For the same reason, we do not decide whether the Government was precluded by the 1992 deportation proceedings from bringing removal proceedings in 1999.

5

cause of action." *CoreStates Bank, N.A. v. Huls America, Inc.*, 176 F.3d 187, 194 (3d Cir. 1999) (internal quotation marks and citation omitted). *Res judicata* applies both to claims actually raised in the prior action and claims which could have been raised but were not. *Id.* We take a broad view of the "same cause of action" requirement, looking to "whether there is an essential similarity of the underlying events giving rise to the various legal claims." *Id.* (*citing United States v. Athlone Indus.*, 746 F.2d 977, 984 (3d Cir. 1984)).

All of the requirements for the application of *res judicata* are met in this case. The Second Circuit's judgment dismissing Gonzalez-Cifuentes's petition for review of the BIA's decision is a final judgment on the merits of the dispute. Gonzalez-Cifuentes's *habeas* petition is effectively a second suit on the same cause of action. While the record does not reveal the details of Gonzalez-Cifuentes's arguments before the Second Circuit, it is clear that he could have raised the same arguments before that Court that he raises here. Thus, his attempt to re-litigate his dispute must be barred.

Accordingly, the decision of the United States District Court for the District of New Jersey is affirmed.