NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3797
_____

ALLEN L. FEINGOLD,
                                    Appellant
            v.

MARIA TESONE; MICHAEL MCGUIRE;
BUCKLEY, MCGUIRE, MORRIS & SOMMER;
LEWIS SHARPS; RSZ ORTHAPEDICS; ERIE INS CO

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 2-12-cv-04695)
District Judge: Honorable Petrese B. Tucker
_____

Submitted Under Third Circuit LAR 34.1(a)
December 9, 2013

Before: McKEE, *Chief Judge*, FUENTES and CHAGARES,
*Circuit Judges*

(Opinion Filed: December 17, 2013)

_____

OPINION
_____

MCKEE, *Chief Judge*

Allen Feingold appeals the District Court's *sua sponte* dismissal of his action

against the Appellees pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) (2012). We will affirm

substantially for the reasons set forth by the District Court.[1]

Since we write primarily for the parties, We need not set forth the underlying facts

or procedural history of this case.

The District Court granted Feingold's motion to proceed *in forma pauperis*

because he satisfied the requirements of § 1915. *Feingold v. Tesone*, No. 12-4695, 2012

WL 3956662, at *2 (E.D. Pa. Sept. 7, 2012), but the court then dismissed Feingold's

action pursuant to § 1915(e)(2)(B)(i) because he lacked standing. *Id.* at *2-3. In sum, the

District Court held that Pennsylvania law does not recognize the assignment of

unliquidated tort claims, such as those brought by Feingold for the Whitsons's injuries.

*Id.* at *3.

In its Memorandum Opinion, the District Court carefully and thoroughly

explained its reasons for holding that unliquidated tort claims are not assignable under

---

[1] The District Court's subject matter jurisdiction to hear the case was premised upon complete diversity. *See* 28 U.S.C. § 1332. The District Court questioned whether it had subject matter jurisdiction because it determined that Feingold lacked standing, *see infra*, but did not reach the issue given its dismissal on standing grounds. *Feingold v. Tesone*, Civ. No. 12-4695, 2012 WL 3956662, at *3 n.5 (E.D. Pa. Sept. 7, 2012) (citing *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007)). Because we affirm substantially for the reasons expressed by the District Court and therefore do not reach the merits of the case, "we need not decide whether we lack subject matter jurisdiction." *Gonzalez-Cifuentes v. I.N.S.*, 253 F. App'x 173, 175 n.2 (3d Cir. 2007) (citing *Sinochem*, 549 U.S. at 431).

Pennsylvania law. The District Court's well-reasoned analysis adequately and accurately construed Pennsylvania law, and Appellants' appeal from that decision is frivolous.

Accordingly, we will affirm the Order of the District Court dismissing Feingold's action substantially for the reasons set forth in its Memorandum Opinion.